UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARON HAMEEN**                                                                          **CIVIL ACTION**

**VERSUS**                                                                                       **No. 23-72**

**UNITED PROPERTY & CASUALTY**                                                **SECTION I**
**INSURANCE COMPANY**

### ORDER & REASONS

Before the Court is plaintiff Daron Hameen's ("plaintiff") unopposed motion[1] for leave to file an amended complaint to add Louisiana Insurance Guaranty Association ("LIGA") as a defendant.

Because both plaintiff and LIGA are citizens of Louisiana,[2] granting plaintiff's motion would destroy the Court's diversity jurisdiction. Federal courts must consider jurisdiction *sua sponte* even if the issue is not raised by the parties. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citing *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990)).

---

[1] R. Doc. No. 12. No response has been filed to the motion. As the plaintiff notes in the motion, however, because United Property & Casualty Insurance Company is no longer in existence, they cannot consent or object the motion. R. Doc. No. 12-1, at 3.

[2] Both the original complaint and proposed amended complaint state that plaintiff is a resident of Louisiana. R. Doc No. 1, ¶ 1; R. Doc. No. 12-3, ¶ 1. The proposed amended complaint alleges that LIGA is domiciled in Louisiana, R. Doc. No. 12-3, ¶ 3, and courts have previously held that LIGA has the citizenship of each of its constituent member insurers for purposes of diversity jurisdiction, including Louisiana. *See Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991); *Landry v. Circle K Stores, Inc.*, No. 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) (Vance, J.).

The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when an amended pleading would destroy diversity jurisdiction, the Court "should scrutinize that amendment more closely than an ordinary amendment" by considering "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Considering these factors, the Court finds that leave to amend should be granted. While plaintiff is aware that amending the complaint will defeat federal jurisdiction, the purpose of the amendment is not to defeat federal jurisdiction.[3] The purpose of the amendment is to permit plaintiff to assert claims against LIGA, which plaintiff alleges has a statutory obligation to pay damages now that the original defendant is in receivership.[4] Because plaintiff alleges that "LIGA is the legal entity obliged to pay the Claim," denying plaintiff leave to amend would cause significant injury to the plaintiff.[5] Plaintiff has been dilatory in moving to amend the complaint since this case was removed January 6, 2023.[6] But, in this case, the dilatoriness of plaintiff's motion does not outweigh the other considerations. Finally, the Court notes that counsel for United Property & Casualty Insurance Company cannot consent or

---

[3] R. Doc. No. 12-1, at 2.
[4] R. Doc. No. 12-1, at 1.
[5] R. Doc. No. 12-1, at 1.
[6] R. Doc. No. 1.

object to the amendment because United Property & Casualty Insurance Company is no longer in existence.[7] Accordingly,

**IT IS ORDERED** that the motion for leave to file an amended complaint is **GRANTED**. The proposed amended complaint shall be filed into the record.

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, Louisiana.

New Orleans, Louisiana, November 8, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. 12-1, at 3.